IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KENNETH E. CARTER,**

      Petitioner,

v.                                  Case No. 2:14-cv-11952

**DAVID BALLARD, Warden,**
Mt. Olive Correctional Complex,

      Respondent.

## MEMORANDUM OPINION AND ORDER DENYING COUNSEL AND DIRECTING THE STATE TO SHOW CAUSE

Pursuant to the court's Order, Petitioner has now filed a proper Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 9). Accordingly, the undersigned will first address Petitioner's motion for the appointment of counsel. (ECF No. 2).

As previously stated, the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, allows the district court to appoint counsel to represent financially eligible individuals in actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner has no constitutional right to counsel in this type of action, and whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the

application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

Having reviewed the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, the undersigned notes two significant factors that weigh against the appointment of counsel at this stage of the proceedings. First, the issue of whether Petitioner has exhausted his state remedies is unclear and must be resolved as a preliminary matter. Second, Petitioner presents his grounds for a writ of habeas corpus cogently and without apparent difficulty. Therefore, he appears able to adequately represent his own interests at this time. In addition, the case does not appear unduly complex, and the need for an evidentiary hearing is not clear. Therefore, Petitioner's motion for the appointment of counsel is **DENIED**, without prejudice. If the complexion of the case changes, or the need for an evidentiary hearing becomes evident, the court will re-visit the issue of appointment of counsel at that time.

Kenneth Eugene Carter, having now filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, and the Clerk having received the $5.00 filing fee from Petitioner, it is hereby **ORDERED** that Respondent, within **sixty (60) days** from entry of this Order, shall answer the Petition, showing cause, if he has any, why the relief sought by Petitioner should not be granted. The answer should, insofar as possible, respond to the issues raised and **shall include any available court or other records that would facilitate determination of the issues.** Further, the answer shall include a paragraph indicating whether or not Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254.

Petitioner may, if he wishes, file a reply to the answer or response of the Respondent within **sixty (60) days** after service of same by the Respondent. Petitioner shall, if he files any further documents in this case, mail copies of such documents to counsel of record for the Respondent with a certificate of service attached.

The Clerk is instructed to provide a copy of this Order together with a copy of the Petition to the Attorney General of the State of West Virginia. The Clerk is further instructed to provide a copy of this Order to Petitioner. **Petitioner is hereby notified that, as a *pro se* party, he is responsible for promptly providing the Clerk of Court with any changes in Petitioner's name or address pursuant to L.R. Civ. P. 83.5.**

**ENTERED**:  June 4, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge