IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH E. CARTER,

        Petitioner,

v.                                        CIVIL ACTION NO. 2:14-cv-11952

DAVID BALLARD,

        Respondent.

**MEMORANDUM OPINION & ORDER**

Pending before the court are Petitioner Kenneth E. Carter's ("Carter") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket 9]; Petition for Court Order for the Expropriated Case Material [Docket 18]; and Petition for Writ of Prohibition [Docket 30]. Also pending is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust [Docket 32]. The petitions and Motion to Dismiss were referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this court of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) (2012).[1] On December 16, 2014, the Magistrate Judge submitted proposed findings of fact and recommended this court to rule as follows:

1. DENY without prejudice Carter's Petition for Writ of Habeas Corpus [Docket 9] on the basis that Carter failed to exhaust his state court remedies as to some of his claims;

---

[1] On December 17, 2014, Carter also filed a "Petition of Observance for Stay and Abeyance" [Docket 44]. I do not interpret this as an objection to the Magistrate Judge's proposed findings of fact and recommendation ("PF&R") because the notarization date on the Petition indicates that it was drafted and filed on December 15, 2014, the day before the PF&R was entered. Instead, I consider it as a request for a stay and abeyance, which is rendered moot by this order, as explained below.

2. DENY without prejudice Respondent's Motion to Dismiss [Docket 32];

3. GRANT a thirty-day STAY to Carter to pursue his state court remedies for his unexhausted claims;

4. Hold Carter's habeas petition in ABEYANCE, pending exhaustion of state court remedies, and require Carter to return to federal court within thirty days of exhausting those remedies to seek a lift of the stay;

5. DENY and DISMISS with prejudice Carter's Petition for a Writ of Prohibition [Docket 30]; and

6. DENY and DISMISS without prejudice Carter's Petition for Court Order for the Expropriated Case Material [Docket 18].

Carter filed a Response to Proposed Findings and Recommendations ("Response") on December 29, 2014 [Docket 46]. The court construes the Response as a timely objection to the Magistrate Judge's Proposed Findings of Fact and Recommendation ("PF&R"). *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (finding that district courts "must be especially solicitous" when a civil rights plaintiff appears pro se).

In his Response, Carter appears to specifically object to the Magistrate Judge's denial of his Petition for a Writ of Prohibition, in which Carter asked for an order "revers[ing] and dismiss[ing]" the state circuit court's order requiring him to pay for DNA testing. (Petition for a Writ of Prohbition [Docket 30], at 5). Having reviewed the petitioner's objection *de novo*, *see* 28 U.S.C. § 636(b)(1)(C) (requiring de novo review of the portions of the PF&R to which objection is made), the court **FINDS** that it lacks merit. While Carter argues that a writ of prohibition "is proper remedy to prevent execution of costs," (Resp. [Docket 46], at 4), the law, as the

Magistrate Judge explained, suggests otherwise. A writ of prohibition is used to "suspend all action" and "to prevent any further proceeding in the prohibited direction." *United States v. Hoffman*, 71 U.S. 158, 161–62 (1866). Carter's request for the court to effectively reverse the state circuit court's order requiring Carter to pay for DNA testing does not fit within this purpose. *See, e.g.*, *Bates v. McNeil*, 888 S.W.2d 642, 644 (Ark. 1994) (stating that a writ of prohibition "cannot be invoked to correct an order already entered"). Accordingly, the court **OVERRULES** Carter's objection and **ADOPTS** the Magistrate Judge's PF&R on this matter. Carter's Petition for Writ of Prohibition [Docket 30] is thereby **DENIED** and **DISMISSED with prejudice**.

Carter's Response does not appear to raise any further objections to the Magistrate Judge's PF&R. However, in the event of a stay, Carter asks the district court to "modernize conditions timely upon the State Court for management with scheduled status reports" to ensure that "[the] case is not placed on [the] back burner." (Resp. [Docket 46], at 4). I read this as a request for me to oversee the state court's review of Carter's unexhausted claims. This court lacks the power to engage in such oversight. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (describing "the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Tarr v. Manchester Ins. Corp.*, 544 F.2d 14, 14–15 (1st Cir. 1976) (explaining that it would be "inappropriate" for a federal court "to usurp the state court's control of its docket"). Thus, Carter's request is **DENIED**, and to the extent that it can be construed as an objection, is **OVERRULED**.

Seeing no other objections and finding no clear error on the face of the record, I **ADOPT** and **INCORPORATE** the Magistrate Judge's PF&R in its entirety. Accordingly, Carter's Petition for Writ of Habeas Corpus [Docket 9] and Respondent's Motion to Dismiss [Docket 32] are **DENIED without prejudice**. I **ORDER** that Carter's habeas petition be **STAYED** and **HELD IN ABEYANCE** for thirty days from the entry of this order so that Carter can pursue his unexhausted claims in state court, and I **DIRECT** Carter to return to federal court within thirty days of exhausting his state court remedies to seek a lift of the stay. Carter's Petition of Observance for Stay and Abeyance [Docket 44] is therefore **DENIED as moot**. Carter's Petition for a Writ of Prohibition [Docket 30] is **DENIED** and **DISMISSED with prejudice**, and Carter's Petition for Court Order for the Expropriated Case Material [Docket 18] is **DENIED** and **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented party.

ENTER: March 4, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE