IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH E. CARTER,

          Petitioner,

v.                                      CIVIL ACTION NO. 2:14-cv-11952

DAVID BALLARD,

          Respondent.

ORDER

      Pending before the court is Petitioner Kenneth Carter's "Motion in Error and Status Quo." [ECF No. 77]. Though the motion in largely incoherent, it appears Mr. Carter makes three assignments of error and asks the court to intervene on his behalf in two respects. First, Mr. Carter complains that his appointed counsel in his pending state habeas case has withdrawn her representation after accepting a job with the Kanawha County Prosecuting Attorney's Office, the agency that prosecuted Mr. Carter. Second, Mr. Carter complains about the delay in his state habeas proceedings and appears to ask this court to waive the state exhaustion requirement and consider his federal habeas petition now. Finally, Mr. Carter complains that he has been granted only limited access to the law library at Mount Olive Correctional Complex because his case is "not active." [ECF No. 77, at 3 n.3]. As to that issue, Mr. Carter asks the court to "notify Division of Corrections at Mount Olive . . . that [he] is acting

pro-se as his own lawyer in defense [and] said habeas is active before the court." [ECF No. 77, at 8]. Mr. Carter's motion is **DENIED**.

First, as to Mr. Carter's complaint that his state appointed habeas counsel withdrew her representation and "switched sides" [ECF No. 77, at 2] by taking a position with the Kanawha County Prosecuting Attorney's Office, Mr. Carter asks for no specific relief. Even if he had, there is no relief this court could grant. Attorneys are free to change employment as they wish. Of course, Mr. Carter's prior attorney remains bound by the Rules of Professional Conduct, and the court has no reason to believe any violation of those rules has or will occur that would prejudice Mr. Carter's federal habeas case.

Next, though the court recognizes that Mr. Carter has been attempting to exhaust his state remedies for several years, there is no justification for waiving the exhaustion requirement at this time. Mr. Carter's federal case was stayed and held in abeyance in March 2015 to allow him to exhaust his state remedies. [ECF No. 51]. A review of state court records reveals that Mr. Carter did file a state habeas petition on March 10, 2015. *Carter v. Ames*, No. 17-0457, 2019 WL 2499696, at *2 (W. Va. June 17, 2019). The state court appointed Mr. Carter counsel and directed that an amended petition be filed within ninety days. Mr. Carter never filed an amended petition. In letters to the state court in March and April 2016, Mr. Carter's state appointed attorney informed the state court that he had not "heard back from [Mr. Carter]" and could not proceed with the case until he did, and that he had warned Mr. Carter that his failure to cooperate may result in dismissal of his case. *Id.* In

April 2017, the respondent filed a motion to dismiss the 2015 state habeas petition because Mr. Carter had violated the court's earlier order by failing to file an amended complaint. The state court dismissed the petition without prejudice on April 20, 2017. *Id.* After the state court denied Mr. Carter's request to vacate its order, Mr. Carter appealed the dismissal to the Supreme Court of Appeals of West Virginia. In September 2017, Mr. Carter was appointed appellate counsel. While it is unclear what transpired over the next year and a half, the Supreme Court affirmed the dismissal without prejudice in a Memorandum Decision dated June 17, 2019. *Id.* at *4. In doing so, the Supreme Court noted specifically that because the dismissal was without prejudice, there had been no evidentiary hearing on the merits of the case and Mr. Carter was permitted to re-file a subsequent state habeas petition. *Id.* at *3. Mr. Carter refiled his state habeas petition in 2019 and was appointed new counsel. His petition is still pending in the state court.

Given this procedural history, I find that the delays in Mr. Carter's state habeas case are attributable to him and not to the state denying him process. Therefore, it would not be appropriate to waive the state exhaustion requirement.

As to Mr. Carter's final complaint regarding his access to the law library at Mount Olive Correctional Complex, I note that Mr. Carter's federal case is currently stayed and held in abeyance, and that Mr. Carter has no specific pending deadlines in this court.

Mr. Carter's motion [ECF No. 77] is **DENIED**. Mr. Carter is again reminded that he must file a status update with this court within **14 days** after the state circuit

court issues a ruling in his case. Mr. Carter should inform the court whether the ruling was favorable to him or, if the ruling was unfavorable, whether he intends to appeal to the Supreme Court of Appeals of West Virginia. Upon exhaustion of his state habeas remedies, Mr. Carter will have **thirty days** to file a motion with this court to lift the stay so he may proceed with his federal habeas petition. Failure to file the status report or motion to lift the stay within the times specified above may result in dismissal of this case.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 29, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE